## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CITY OF WILMINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. Nos. N16C-05-261 PRW & |
| | ) | N15C-09-218 AML |
| | ) | |
| GEICO ADVANTAGE | ) | |
| INSURANCE COMPANY, a | ) | |
| Foreign Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: January 11, 2017
Decided: January 23, 2017

## <u>ORDER</u>

*Upon Defendant GEICO's Motion to Dismiss*,
**DENIED**.
*Upon Plaintiff City of Wilmington's Motion to Convert,*
**GRANTED**.

This 23rd day of January, 2017, in this consolidated matter, upon consideration of the Defendant GEICO Advantage Insurance Company's ("Geico") Motion to Dismiss (N16C-05-261, D.I. 2), the response thereto (N16C-05-261, D.I. 6), the supplemental argument and briefing thereon, the Commissioner's Report and Recommendation that GEICO's Motion to Dismiss be DENIED (N16C-05-261, D.I. 19); and, upon consideration of the Plaintiff City of Wilmington's Motions to Convert Its Appeals to Writs of Certiorari (N15C-09-218, D.I. 11; N16C-05-261, D.I. 6), the opposition thereto

(N16C-05-261, D.I. 8), the supplemental argument and briefing thereon, the Commissioner's Report and Recommendation that City of Wilmington's Motions to Convert be GRANTED (N16C-05-261, D.I. 19); and, upon consideration of the complete record in this case, it appears to the Court that:

(1)   These motions were referred to Superior Court Commissioner Katharine L. Mayer in accordance with 10 *Del. C.* § 512(b) and Superior Court Civil Rule 132 for proposed findings of fact, conclusions of law, and recommendations for the disposition of the motions.[1]

(2)   The Commissioner filed her Report and Recommendation on November 22, 2016. The Commissioner recommended that the Court deny GEICO's Motion to Dismiss and grant the City of Wilmington's Motions to Convert.[2]

(3)   "Within 10 days after filing of a Commissioner's proposed findings and recommendations . . . any party may serve and file written objections . . . ."[3]

---

[1]   Order Referring Matter to Comm'r, *City of Wilmington v. GEICO Adv. Ins. Co.*, C.A. Nos. N15C-09-218 (D.I. 11) (Del. Super. Ct. Sept. 26, 2016); Orders Referring Matter to Comm'r, *City of Wilmington v. GEICO Adv. Ins. Co.* N16C-05-261 (D.I. 9 & 18) (Del. Super. Ct. July 26, 2016 & Sept. 26, 2016).

[2]   *See* Comm'r Rep. and Recommend., *City of Wilmington v. GEICO Adv. Ins. Co.,* 2016 WL 6882852 (Del. Super. Ct. Nov. 22, 2016).

[3]   SUPER. CT. CIV. R. 132(a)(4)(ii).

Neither party has filed an objection to the Commissioner's Report and Recommendation.[4]

(4) The Court accepts, in whole, the findings of fact and recommendations made by the Commissioner.[5]

**NOW THEREFORE**, after careful and *de novo* review of the record in these actions, and for the reasons stated in the Commissioner's Report and Recommendation of November 22, 2016, Defendant GEICO's Motion to Dismiss is **DENIED** and the City of Wilmington's Motions to Covert Its Appeals to Writs of Certiorari are **GRANTED.**

---

[4]     GEICO did file a letter "advis[ing the Court] that GEICO does not intend on appealing Commissioner Mayer's report and recommendations" but "request[ing] that its argument pertaining to improper service of process be withdrawn." (Letter from Amanda Dobies, Esquire, to the Honorable Paul R. Wallace, *City of Wilmington v. GEICO Adv. Ins. Co*., C.A. No. N16C-05-261 (Del. Super. Ct. Dec. 5, 2016) (D.I. 20)).   The Court conducted a conference to clarify that request. (Proceeding Worksheet, *City of Wilmington v. GEICO Adv. Ins. Co*., C.A. No. N16C-05-261 (Del. Super. Ct. Jan. 11, 2017) (D.I. 24)).   There being neither statutory nor court-rule authority for the "excising" of a decided issue in lieu of appeal, that request was denied. *See* DEL. CODE ANN. tit. 10, § 512(b) (2006) (setting forth procedures for an aggrieved party to file written objections to a Commissioner's proposed findings and recommendations); SUPER. CT. CIV. R. 132(a)(4) (providing the procedures for parties to file an "Appeal from Commissioner's Findings of Fact and Recommendations").   An unsuccessful party cannot eliminate an unfavorable ruling without the rigors of examination and decision by a reviewing authority; such a regular rule of appellate practice should apply to a judge of this Court's review of a Commissioner's report. *See generally State v. Colburn*, 2016 WL 3248222, at *2 nn.8-9 (Del. Super. Ct. June 1, 2016) (noting and applying a well-accepted rule of appellate practice to review of a Commissioner's report and recommendations under § 512 and Criminal Rule 62(a)(5)).

[5]     SUPER. CT. CIV. R. 132(a)(4)(iv) ("A judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Commissioner.")

**SO ORDERED this 23rd day of January, 2017.**

_/s/ Paul R. Wallace_
**Paul R. Wallace, Judge**

cc:    All counsel via File & Serve